UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **STEVEN VOGEL,** | ) | **CASE NO. 1:17CV272** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **NORTHEAST OHIO MEDIA** | ) | **OPINION AND ORDER** |
| **GROUP LLC, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**CHRISTOPHER A. BOYKO, J:**

    This matter comes before the court upon the Motion of Northeast Ohio Media Group and Plain Dealer Publishing Company (ECF DKT #19) to dismiss Plaintiff's claims for lack of subject-matter jurisdiction pursuant to Fed. R. Civ P. 12(b)(1). For the following reasons, Defendants' Motion to Dismiss is GRANTED without prejudice.

**FACTUAL AND PROCEDURAL HISTORY**

    Plaintiff Steven Vogel filed his Complaint on February 9, 2017, against Defendants Northeast Ohio Media Group and Plain Dealer Publishing Company (collectively, "Defendants"), alleging two causes of action relating to an article published by Defendants. On March 8, 2017, Defendants filed a Motion to Dismiss all claims.

    On November 20, 2013, Plaintiff was placed on administrative leave from his position as Chief Building Official for the City of Medina. On December 6, 2013, Defendants published an article both in print and online that claimed that Plaintiff had been escorted out of his workplace

1

by police officers. On December 16, 2013, Plaintiff was terminated from his position and Defendants published another article, in print and online, again claiming that police escorted Plaintiff from his workplace on November 20. The online version of the second article was subsequently updated to remove any mention of police escort. Plaintiff claims that Defendants knew that Plaintiff had not been escorted by police before Defendants published the first article.

Plaintiff filed his Complaint against Defendants asserting two claims: Libel (Count Six) and False Light Invasion of Privacy (Count Eight). Plaintiff asserted federal law claims against the City of Medina and two individual defendants in the same Complaint. Since both Plaintiff and Defendants are Ohio residents, the Court does not have original jurisdiction over Plaintiff's state law claims. Defendants move to dismiss all claims for lack of subject matter jurisdiction arguing that the Court should not exercise supplemental jurisdiction over the state law claims, because those claims do not share a common nucleus of operative facts with Plaintiff's federal claims. Plaintiff argues that the Court should exercise supplemental jurisdiction, as both the defamation claim and the federal law claims involve his administrative leave and termination.

## LAW AND ANALYSIS

**I.      Standard for Supplementary Jurisdiction under 28 U.S.C. §1367.**

A federal court can only exercise original jurisdiction over a case if it arises under federal law or if the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331-32. However, if a court has original jurisdiction over one claim, the court can exercise supplemental jurisdiction over all other claims that form part of the same case or controversy as the original claim. 28 U.S.C. § 1367(a). Claims are part of the same case or controversy when they "derive from a common nucleus of operative facts." *Blakely v. U.S.*, 276 F.3d 853, 861 (6th

2

Cir. 2002)(internal quotation marks omitted). Operative facts are facts that are relevant to the resolution of the claim. *Salei v. Boardwalk Regency Corp.*, 913 F. Supp. 993, 998-99 (E.D. Mich. 1996). In *Salei*, the court held that supplemental jurisdiction was not appropriate because "the facts that are relevant to the resolution of Plaintiff's FCRA claim are completely separate and distinct from the facts that bear upon Plaintiff's state claims." *Id.* at 999.

## II. Plaintiff's State Law Claims do Not Share a Common Nucleus of Operative Facts with Plaintiff's Federal Claims.

Defendants move to dismiss Plaintiff's state law claims for lack of subject-matter jurisdiction because those claims have no operative facts in common with Plaintiff's federal law claims. Plaintiff argues that since the article was about Plaintiff's administrative leave and termination, the state and federal claims share a common nucleus of facts.

Defendants assert, and Plaintiff does not appear to contest, that in order to prove his state law claims against Defendants, Plaintiff must show that Defendant published a false statement with actual malice, meaning that Defendants knew it was false at the time they published the article. *See Varanese v. Gall*, 35 Ohio St. 3d 78, 79 (1988). Furthermore, the particular statement at the heart of Plaintiff's claims is the allegation that Plaintiff was escorted out of his workplace by police. The facts at issue to prove this claim would be that Plaintiff was not escorted by police (which Defendants appear to admit), that Defendants published an article claiming that Plaintiff was escorted by police, and that Defendants knew this statement was false and had actual malice in publishing it. Thus, the operative facts for Plaintiff's state law claims are what Defendants published and what they knew when they published it.

Plaintiffs federal claims against the City of Medina and the individual defendants concern how and why Plaintiff was placed on administrative leave. The operative facts include: the

3

complaints of sexual harassment against Plaintiff; how the City responded to those complaints; how the City conducted the investigation and whether Plaintiff had the opportunity to defend himself against the allegations.

There are no operative facts in common between Plaintiff's two sets of claims. Plaintiff's administrative leave and termination are common to the narrative of all of Plaintiff's claims, but they are not operative facts for Plaintiff's claims against Defendants. Whether Plaintiff was escorted from his workplace is irrelevant to Plaintiff's federal claims and is not contested in his state law claims. This minimal, incidental overlap cannot be said to be a common nucleus of operative facts. Plaintiff's federal claims against the City can be resolved without reference to Defendant's article or what Defendant knew when publishing the article. Similarly, no part of Plaintiff's case against Defendants concerns the City's handling of the allegations of sexual harassment or investigation.

Plaintiff cites *Meadows v. Trumbull County Health Dep't*, No. 4:12CV02279, 2013 WL 1819223 (N.D. Ohio Apr. 29, 2013), arguing that the court upheld supplemental jurisdiction where both claims were part of the same narrative of events. However, in that case, both the federal claim and the state law counterclaim were based on statements allegedly made by the plaintiff. *Id.* at *6. The content and character of those statements were operative facts for both claims. Similarly, in *Sky v. Haddonfield Friends Sch.*, No. CV 14-5730, 2016 WL 1260061 (D.N.J. Mar. 31, 2016), which Plaintiff also cites, a state law defamation claim required proving certain statements which were essential to the federal claim, false. Thus, unlike this case, the defamation claim derived from a common nucleus of operative facts. In this case, the allegations and investigation against Plaintiff are not operative facts, but rather mere background for why

4

the article was published. Thus, Plaintiff's state law claims are not part of the same case or controversy as Plaintiff's federal claims.

## **CONCLUSION**

Because Plaintiff's state law claims do not have operative facts in common with his federal claims, Defendant's Motion to Dismiss Counts Six and Eight of the Complaint is GRANTED without prejudice.

**IT IS SO ORDERED.**

                                      **s/ Christopher A. Boyko**
                                      **CHRISTOPHER A. BOYKO**
                                      **United States District Judge**

**Dated: July 24, 2017**