UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| STEVEN VOGEL, | ) | CASE NO.1:17CV272 |
|---|---|---|
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) | |
| CITY OF MEDINA, ET AL., | ) | **OPINION AND ORDER** |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Defendant City of Medina, Tanesha Morris and Susan Haley's Motion for Judgment on the Pleadings. (ECF #32). For the following reasons, the Court grants Defendants' Motion for Judgment on the Pleadings.

**FACTUAL HISTORY**

According to Plaintiff's Complaint, Plaintiff was hired by the City of Medina ("Medina") as a building inspector and was subsequently promoted to interim Chief Building Official in or around February, 2011. (ECF DKT #1, ¶ 11). In or around May 2011, Plaintiff became the full-time Chief Building Official for City of Medina. (*Id.*). As Chief Building Official, Plaintiff oversaw economic development, including the Building and Planning and

Zoning Departments. (*Id.* at ¶ 12). Plaintiff reported directly to Gregory Hannan, who served as the Community Development Director for Medina and Hannan reported directly to Mayor Hanwell. (*Id.*). Morris and Haley both served in the Building Department and reported directly to Plaintiff. (*Id.* at ¶ 13,14).

On or about Wednesday, November 13, 2013, Haley complained to Service Director, Nino Piccoli, of alleged instances of inappropriate conduct or sexual harassment by Plaintiff. (*Id.* at ¶ 34). Haley also called Morris to advise her of her complaints. (*Id.* at ¶ 35). On November 14, 2013, Gregory Huber, the Law Director for Medina, met with Haley to discuss her allegations against Plaintiff. (*Id.* at ¶ 36). On or about November 18, 2013, Morris and Haley had separate meetings with Huber to discuss the alleged sexual harassment. (*Id.* at ¶ 38). At this time, Huber suggested that Morris and Haley prepare their own formal written complaints against Plaintiff. (*Id.*).

On November 20, 2013, Plaintiff was summoned by Huber to Mayor Hanwell's office to meet with the two of them. (*Id.* at ¶ 39). At this meeting, Plaintiff was informed of the allegations and placed on administrative leave with pay pending an investigation of the allegations. (*Id.* at ¶ 40). On November 22, 2013, Morris and Haley provided separate written complaints to Huber detailing the allegations. (*Id.* at ¶ 45). On November 26, 2013, Plaintiff was notified of the specifics of the allegations and viewed the complaints. (*Id.* at ¶ 46).

Huber was tasked with conducting an investigation into the allegations in his capacity as Law Director. (*Id.* at ¶ 47). On or about December 13, 2013, a pre-disciplinary hearing was conducted with Plaintiff by Mayor Hanwell and Huber. (*Id.* at ¶ 58). Later that day, Huber advised Plaintiff that Mayor Hanwell had decided to terminate Plaintiff. (*Id.* at ¶ 59).

On December 16, 2013, Plaintiff met with Huber and Mayor Hanwell wherein Plaintiff was presented with and told to sign his formal termination letter. (*Id.* at ¶ 60).

## LAW AND ANALYSIS

### I. Legal Standard

Rule 12(c) of the Federal Rules of Civil Procedure states, "[after] the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The court shall consider the complaint, answer and any instruments attached as exhibits in making its determination on a motion for judgment on the pleadings. *See* Fed. R. Civ. P. 12(c); Fed R. Civ. P. 7(a) (defining "pleadings" to include the complaint and answer); Fed. R. Civ. P. 10(c) (stating written instruments attached as exhibits are part of the pleadings).

When considering a motion for judgment on the pleadings, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008) (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)). To survive a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal authority." *Waters v. Drake*, 105 F.Supp.3d 780 (S.D. Ohio 2015) (quoting *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible." *Fritz v. Charter Twp. Of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556

U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d (2009)).  While the complaint need not contain "detailed factual allegations," it must contain more than "a formulaic recitation of the elements of a cause of action."  *Hensley Mfg. v. Pro-Pride, Inc.*m 579 F.3d 603, 609 (6th Cir. 2009 )  (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d. 929 (2007)).

## II. Plaintiff's 42 U.S.C.S. §1983 Claim Against Medina

Defendants moved to dismiss all claims against them for failure to state a claim.  In his Complaint, Plaintiff alleges that Medina violated 42 U.S.C.S. § 1983, depriving him of his rights, privileges and immunities secured by the Constitution of the United States when it terminated his employment with the city.  Plaintiff alleges that his discharge was without due process of law pursuant to false allegations of purported sexual harassment.

### A. Procedural Due Process

To be successful in a procedural due process claim, Plaintiff must show that he:  1) had a life, liberty, or property interest protected by the Due Process Clause, 2) was deprived of the protected interest and (3) the state 'did not afford him adequate procedural rights." *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 904 (6th Cir. 2014)  (citing *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006)).  For a public employee to be successful in his due process violation claim, he must "establish that he had a protectable property interest in his position."  *Kuhn v. Washtenaw Cnty.*, 709 F.3d 612, 620 (6th Cir. 2013)  (citing *Miller v. Admin. Office of the Courts,* 448 F.3d 887, 895 (6th Cir. 2013). Further, a public employee must prove a "legitimate expectation of continued employment" by reference to state law in order to establish a constitutionally protected property interest in their employment position.  *Waters*, 105 F.Supp.3d at 790  (quoting *Bd. of Regents v. Roth*,

408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (2012); *see also Bishop v. Wood*, 426 U.S. 341, 344-45, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). The Sixth Circuit has held that an at-will employee does not have a property interest in his employment that is protected by the Due Process Clause. *Bailey v. Floyd Cnty. Bd. of Educ. By & Through Towler*, 106 F.3d 135, 141 (6th Cir. 1991); *see also Chilingirian v. Boris*, 882 F.2d 200, 204 (6th Cir. 1989).

For Plaintiff to be successful in his § 1983 claim, Plaintiff must assert a violation of the Constitution for which relief can be granted. In this case, Plaintiff alleges that Medina violated the Due Process Clause found in the Fourteenth Amendment to the Constitution when it terminated his employment. For Plaintiff to be successful in his due process claim, Plaintiff must establish that he had a property interest in his employment with Medina which would require his employment with Medina to be something other than at-will. Plaintiff's Complaint, however, is void of any information as to the nature of Plaintiff's employment contract with Medina while both the Answer and Motion for Judgment on the Pleadings both state that Plaintiff was an at-will employee. Although given the opportunity to allege that his employment with Medina was not in fact at-will, Plaintiff failed to do so. Without Plaintiff's allegation that his employment was not at-will, Plaintiff has failed to state a claim under § 1983 for which relief can be granted and the claim against Defendants is therefore dismissed.

Even construing the facts in the light most favorable to the Plaintiff, if the Court were to assume that his employment were something other than at-will, Plaintiff still would not have a claim for which relief can be granted under § 1983. If Plaintiff were *not* an at-will employee with the city of Medina and therefore did have a property interest in his employment, he has still failed to establish that he was not afforded due process. The United States District Court for the Northern District of Ohio has previously held that before a

government employee can be terminated, the employee is entitled to a pre-termination hearing during which the employee is to be: 1) notified of the charges against him, 2) given an explanation of the employer's evidence and 3) given an opportunity to present his case. *Hadad v. Croucher,* 970 F.Supp 1227, 1250 (N.D. Ohio, 1997).

Plaintiff alleges that the investigation into his inappropriate behavior violated "essentially every standard, common practice, procedure and guideline" that is employed by human resource professionals. (ECF DKT #1, ¶ 55). Plaintiff then cites the United States Equal Employment Opportunity Commission's ("EEOC") guidelines as the most common and accepted standard for human resources professionals to employ when investigating a harassment complaint against an employee. Plaintiff suggests that Medina should have adhered to the EEOC's guidelines when investigating the harassment claim against him but fails to establish or even suggest that Medina had adopted the EEOC's guidelines or was required in anyway to abide by the EEOC's guidelines. Absent an allegation that Medina was required to comply with the EEOC's guidelines or any other specific set of guidelines, Plaintiff must rely on the standard for the termination process set forth in *Hadad.*

In the Complaint, Plaintiff states that on November 20, 2013, he was called to the "Initial Meeting" with Huber and Mayor Hanwell. During the Initial Meeting, Plaintiff admits that he was presented with a letter advising him of sexual harassment allegations that had been made against him by Morris and Haley. Following this meeting, Plaintiff's employment was not terminated; Plaintiff was placed on administrative leave pending an investigation of the allegations. Attached as Exhibit B and Exhibit C to the Complaint are the letters written by Morris and Haley, respectively, relaying in detail the Plaintiff's actions that led to their filing complaints. Plaintiff was able to view these letters on November 26, 2013.

On or about December 13, 2013, Plaintiff attended a pre-disciplinary hearing with Huber and Mayor Hanwell.  At this time, Plaintiff had been notified of the charges against him and was given an explanation of the evidence against him, as he was given the complaints written by Haley and Morris more than two weeks before this meeting.  During both the Initial Meeting and the pre-disciplinary hearing, Plaintiff could have presented his case but failed to do so.  Plaintiff does not indicate that he made any efforts between the Initial Meeting and the pre-disciplinary hearing to present his case to either Huber or Mayor Hanwell.  Additionally, Plaintiff's termination letter written by Mayor Hanwell and attached to the Complaint as Exhibit D states, "[Mayor Hanwell] offered [Plaintiff] the opportunity to share any other information or mitigating circumstances for [Mayor Hanwell] to consider before rending judgment on this complaint.  [Plaintiff] had nothing further to add, except for being apologetic for the problems created by [his] actions."

Even if Plaintiff had a property interest in his continued employment, without any evidence that Plaintiff was not:  1) notified of the charges against him, 2) given an explanation of the evidence against him, or 3) given an opportunity to present his case, Plaintiff has failed to state a claim for which relief can be granted under § 1983 and the claim against Defendants is therefore dismissed.

### III. Plaintiff's Title VII Reverse Gender Discrimination Claim

To establish a claim of reverse discrimination, Plaintiff must show:  (1) the defendant "is that unusual employer who discriminates against the majority;" (2) he was qualified for the position in question; (3) he suffered an adverse employment action; and (4) he was treated differently than those who were similarly situated.  *Arendale v. City of Memphis,* 519 F.3d

587, 603-04 (6th Cir. 2008). Setting aside Plaintiff's qualifications and the fact that he was in fact terminated as an employee, Plaintiff has failed to allege any facts to establish that the City of Medina discriminates against the majority or that Medina treated Plaintiff differently than those who were similarly situated.

Plaintiff's bare-bones allegation that he was discriminated against on the basis of his gender is without merit. Plaintiff makes no mention in his Complaint that Medina has ever discriminated against men in the past. Plaintiff simply alleges that if he were a woman in this situation, his employment would not have been terminated. Plaintiff's rationale for this argument is that Morris and Haley, who were female employees with Medina, engaged "in the same type of office banter" that he used as evidence of sexual harassment by Plaintiff. However, this fails to establish that Plaintiff and the female Defendants were similarly situated. Plaintiff fails to acknowledge a key difference between himself and the Defendants; namely that the Defendants reported Plaintiff's unfavorable behavior in a formal complaint to the human resources department while Plaintiff never reported any sexual misconduct by either Defendant. Only after a formal complaint was filed and an investigation was completed was Plaintiff's employment terminated.

Because Plaintiff has failed to establish that Medina terminated Plaintiff's employment on the basis of his gender, Plaintiff has failed to state a claim for which relief can be granted under Title VII and therefore the claim against Defendants is dismissed.

**IV. Plaintiff's State Law Claims**

The remainder of Plaintiff's claims are rooted in state law. "Under 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction." *Brooks v. Rothe,* 577 F.3d

701, 709 (quoting *Wojnicz v. Davis,* 80 Fed.Appx. 382, 384-85 (6th Cir. 2003)).  Because Plaintiff has failed to establish a federal claim for which relief can be granted, his remaining state law claims against Defendants are dismissed as well.

## CONCLUSION

For all the above-mentioned reasons, the Court GRANTS Defendant's Motion for Judgment on the Pleadings and DISMISSES all of Plaintiff's claims without prejudice.

IT IS SO ORDERED.

                                                 s/ Christopher A. Boyko
                                                 CHRISTOPHER A. BOYKO
                                                 United States District Judge

Dated:  January 31, 2018